Shannon Leininger, Montana Bar No. 14589
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Ph. (307) 777-7895
shannon.leininger@wyo.gov

*Attorney for Proposed Defendant-Intervenor, State of Wyoming*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*<br><br>       Plaintiffs,<br><br>vs.<br><br>SONYA GERMANN, in her official capacity as Montana-Dakotas State Director, Bureau of Land Management; *et al.*<br><br>       Defendants. | Case No. CV-26-21-GF-BMM<br><br>**STATE OF WYOMING'S [PROPOSED] ANSWER** |

Given the voluminous nature of the Complaint in this action, in the interest of brevity Proposed Defendant Intervenor State of Wyoming is providing consolidated admissions, denials, or other explanatory responses to the numbered paragraphs of the Complaint. The State of Wyoming submits this proposed answer to Plaintiffs' complaint and asserts the State's affirmative defenses as follows:

1.   Wyoming admits the allegations in the following: Paragraph 122, but Wyoming denies Plaintiffs' characterization that the Trump administration attempted to "dismantle" the 2015 plans; and Paragraph 128.

2.   Wyoming denies the allegations in the following: Paragraph 8; Paragraph 14; Paragraph 15; Paragraph 26; Paragraph 34; Paragraphs 162–163; Paragraph 165; Paragraphs 168–179; Paragraphs 184–186; Paragraphs 189–190; Paragraphs 196–197; Paragraph 205; Paragraph 216; Paragraph 220; Paragraph 224; and Paragraphs 227–228.

3.   The allegations in the following purport to characterize the Plaintiffs' case or are conclusions of law as to which no response is required: Paragraph 1; Paragraph 11; Paragraphs 12–13; Paragraph 16; Paragraph 35; Paragraphs 44–68; Paragraphs 74–79; Paragraphs 81-84; Paragraph 100; Paragraph 127; Paragraph 149; Paragraphs 152–159; Paragraph 167; Paragraph 188; Paragraph 199; Paragraphs 207–209; Paragraphs 217–219; Paragraph 222; and Paragraph 226. To the extent a response is required, Wyoming denies the allegations.

4.   Wyoming is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following: Paragraphs 17–25; Paragraph 28; Paragraph 30; Paragraph 31; Paragraph 32; Paragraph 33;

2

and Paragraphs 36–43. To the extent a response is required, Wyoming denies the allegations.

5.   The allegations in the following purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves: Paragraph 4; Paragraphs 69–73; Paragraph 80; Paragraph 89; Paragraph 99; Paragraphs 101; Paragraphs 103–111; Paragraphs 112–114; Paragraphs 115–121; Paragraphs 123–126; Paragraphs 129–148; Paragraph 150(a)–(d); Paragraph 150(f)–(k); Paragraph 160; Paragraphs 181–183; Paragraphs 191–195; Paragraphs 200–202; Paragraph 204; Paragraph 211; Paragraphs 212–215; and Paragraph 223. To the extent a response is required, Wyoming denies the allegations.

6.   The allegations in the following purport to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts: Paragraph 2; Paragraph 6; Paragraphs 85–87; Paragraph 90; Paragraph 91; Paragraph 92; Paragraph 93; Paragraph 94; Paragraph 95; Paragraph 96; Paragraph 97; Paragraph 98; Paragraph 102; and Paragraph 161. To the extent a response is required, Wyoming denies the allegations.

7.   The allegations in Paragraphs 151, 166, 180, 187, 198, 206, 221, and 225 incorporate by reference previously-stated allegations, therefore no

3

response is required. To the extent that a response is required, Wyoming denies the allegations.

8.     With respect to the allegations in Paragraph 3, the first two sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. The last sentence purports to characterize the Plaintiffs' case. To the extent a response is required, Wyoming denies the allegations.

9.     With respect to the allegations in Paragraph 5, the first through third sentence and the fifth sentence purport to characterize the Plaintiffs' case or are conclusions of law. The fourth sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

10.    With respect to the allegations in Paragraph 7, Wyoming denies the first and last sentence.  The second sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

11.    With respect to the allegations in Paragraph 9, Wyoming denies the first and last sentence. The second sentence purports to characterize the

Plaintiffs' case or is a conclusion of law. To the extent a response is required, Wyoming denies the allegations.

12. With respect to the allegations in Paragraph 10, the second sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. Wyoming denies the rest of Paragraph 10. To the extent a response is required, Wyoming denies the allegations.

13. With respect to the allegations in Paragraph 27, Wyoming is without knowledge or information sufficient to form a belief as to the truth of the first and last sentence. The second, third, and fourth sentences purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

14. With respect to the allegations in Paragraph 29, Wyoming is without knowledge or information sufficient to form a belief as to the truth of Paragraph 29, except the second sentence. The second sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

15. With respect to the allegations in Paragraph 88, Wyoming denies the first sentence. The last two sentences purport to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts. To the extent a response is required, Wyoming denies the allegations.

16. With respect to the allegations in Paragraph 150, Wyoming denies the first two sentences. The last sentence purport to characterize the Plaintiffs' case. To the extent a response is required, Wyoming denies the allegations.

17. With respect to the allegations in Paragraph 150(e), Wyoming denies the third sentence. The rest of Paragraph 150(e) purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. To the extent a response is required, Wyoming denies the allegations.

18. With respect to the allegations in Paragraph 164, Wyoming denies the last two sentences. The first sentence purports to characterize the Plaintiffs' case. To the extent a response is required, Wyoming denies the allegations.

19. With respect to the allegations in Paragraph 203, the first and last sentence purport to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. The second sentence purports to characterize the Plaintiffs' case or is a conclusion of law. To the extent a response is required, Wyoming denies the allegations.

20.    With respect to the allegations in Paragraph 210, the first sentence purports to cite selective portions of scientific literature or agency documents, which when read in full, speak for themselves. The second sentence purports to characterize the Plaintiffs' case. To the extent a response is required, Wyoming denies the allegations.

21.    Wyoming denies each and every allegation in the complaint which has not been specifically admitted herein.

22.    Wyoming denies that Plaintiffs are entitled to the relief requested. (ECF No. 1 at 74–75).

## AFFIRMITIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    Plaintiffs failed to exhaust administrative remedies.

3.    Plaintiffs lack standing.

4.    The United States District Court for the District of Montana is not an appropriate venue for reviewing the challenged 2025 Record of Decision approving the Resource Management Plan Amendment for greater sage-grouse in Wyoming. First, Defendant Kristina Kirby resides in Wyoming and a substantial part of the events giving rise to Plaintiffs' complaint occurred within the jurisdiction of the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1391(e)(1). Additionally, all

the federal lands subject to the challenged Wyoming plans are located within the jurisdiction of the United States District Court for the District of Wyoming.

5. The United States District Court for the District of Montana is not a convenient venue for reviewing the challenged 2025 Record of Decision approving the Resource Management Plan Amendment for greater sage-grouse in Wyoming. Accordingly, the portion of this suit challenging the 2025 Plan Amendment for Wyoming should be severed and transferred pursuant to 28 U.S.C. § 1404(a).

6. The State incorporates by reference any defenses the federal defendants may assert.

7. Wyoming reserves the right to assert additional affirmative defenses that may be discovered after the filing of this Answer.

WHEREFORE, the State of Wyoming requests that this Court deny the Plaintiffs' requested relief, award Wyoming its costs incurred herein, and grant such other and further relief as the Court deems just and proper.

DATED this 1st day of April, 2026.

Shannon Leininger (MT Bar No. 14589)
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
Ph. (307) 777-7895
shannon.leininger@wyo.gov

9

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk of the U.S. District Court of Montana, Great Falls Division, who upon acceptance will send a notice of electronic filing to all counsel of record through the Court's CM/ECF system.

DATED: April 1, 2026

_____
Shannon Leininger

10