MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., North Terrace, Suite 600
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.* | No. 4:26-cv-21-BMM |
| | **DEFENDANTS' ANSWER** |
| Plaintiffs, | |
| v. | |
| SONYA GERMANN, Montana-Dakotas State Director, U.S. Bureau of Land Management, *et al.* | |
| Defendants. | |

Federal Defendants Sonya Germann, in her official capacity as Montana-Dakotas State Director, U.S. Bureau of Land Management; Joseph Stout, in his official capacity as California State Director, BLM; Meagan Conry, in her official capacity as Acting Idaho State Director, BLM; John K. Raby, in his official capacity as Nevada State Director, BLM; Tom Heinlein, in his official capacity as Acting Utah State Director, BLM; Kristina Kirby, in her official capacity as Acting Wyoming State Director, BLM; Bill Groffy, in his official capacity as Principal Deputy Director, BLM; and BLM, through counsel, answer the Complaint filed in this case, Dkt. No. 1, as follows.  The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.  Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations.  Defendants deny each and every allegation in the Complaint that is not specifically admitted, qualified, or otherwise responded to in this Answer.

## INTRODUCTION

1.     The allegations in the first sentence of Paragraph 1 are characterizations of Plaintiffs' case, which require no response; to the extent a response may be required, Defendants deny the allegations.  Defendants admit the allegations in the second sentence of Paragraph 1.

1

2.      Defendants admit the allegations in the first sentence of Paragraph 2. The allegations in the second and third sentences of Paragraph 2 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

3.      Defendants admit the allegations in the first sentence of Paragraph 3. Defendants deny the allegations in the second sentence of Paragraph 3. Defendants admit that the U.S. Bureau of Land Management ("BLM") and the U.S. Forest Service amended 98 land use plans across the range of the Greater Sage-Grouse (Sage-Grouse) in 2015 to provide greater protections for Sage-Grouse and deny the remaining allegations in the third sentence of Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants deny the allegations in the first and second sentences of Paragraph 5. The allegations in the third and fifth sentences of Paragraph 5 characterize court opinions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced opinion, they are denied. Defendants deny the allegations in the fourth sentence of Paragraph 5.

6.      Defendants admit the allegations in the first sentence of Paragraph 6 that the 2015 Plan Amendments were operative for a decade and that the Sage-Grouse population has declined in the last decade. The remaining allegations in the

2

first sentence are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. Defendants admit the allegations in the second sentence that Sage-Grouse populations have dropped since 1966, including in the last two decades but deny the remaining allegations in that sentence. Defendants admit the allegations in the third sentence that approximately 1.3 million acres per year have transitioned from sagebrush areas to other rangeland areas, but the remaining allegations in the third sentence are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. The allegations in the fourth sentence are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

7.   Defendants deny the allegations in Paragraph 7.

8.   Defendants deny the allegations in Paragraph 8.

9.   Defendants deny the allegations in Paragraph 9.

10.   Defendants deny the allegations in Paragraph 10.

11.   The allegations in Paragraph 11 are characterizations of Plaintiffs' case, which require no response; to the extent a response may be required, Defendants deny the allegations.

## JURISDICTION AND VENUE

12.     The allegations in Paragraph 12 are legal conclusions, to which no response is required; to the extent a response is required, Defendants admit that the Court has subject matter jurisdiction but deny any remaining allegations.

13.     The allegations in Paragraph 13 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

14.     The allegations in Paragraph 14 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

15.     The allegations in Paragraph 15 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

16.     The allegations in Paragraph 16 are legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations.

## PARTIES

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in the first and fifth sentences of Paragraph 27. The allegations in the second, third and fourth sentences of Paragraph 27 purport to characterize the 2025 Sage Grouse Amendments, which speak for themselves and are the best evidence of their contents.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 28 and deny them on that basis. Defendants deny the allegations in the fourth sentence of Paragraph 28.

29.     Defendants deny the allegations in the first, third and fourth sentences of Paragraph 29. The allegations in the second sentence of Paragraph 29 purport to characterize the 2025 Sage Grouse Amendments, which speak for themselves and are the best evidence of their contents.

30.     Defendants deny the allegations in the first and fourth sentences of Paragraph 30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 30 and deny them on that basis.

31.     Defendants deny the allegations in the first, second, and sixth sentences of Paragraph 31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth and fifth sentences of Paragraph 31 and deny them on that basis.

32.     Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 32 and deny them on that basis.

33.     Defendants deny the allegations in the first and third sentences of Paragraph 33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of Paragraph 33 and deny them on that basis.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants admit the allegations in the first sentence of Paragraph 36 that Sonya Germann, Montana/Dakotas State Director signed the 2025 Sage Grouse Record of Decision for Montana/Dakotas and aver that Gerald Davis is currently the Acting Montana/Dakotas State Director. The allegations in the second sentence constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent a response is required, Defendants deny the allegations and deny any violation of law.

37.     Defendants admit the allegations in the first sentence of Paragraph 37 that the Acting BLM Idaho State Director is Meagan Conry and her predecessor in office signed the December 2025 Sage Grouse Amendment Record of Decision for Idaho. The allegations in the second sentence constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent a response is required, Defendants deny the allegations and deny any violation of law.

7

38.     Defendants admit the allegations in the first sentence of Paragraph 38 that Jon Raby, BLM Nevada State Director signed the 2025 Sage Grouse Record of Decision for Nevada and aver that Justin Abernathy is currently the Acting BLM Nevada State Director. The allegations in the second sentence constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent a response is required, Defendants deny the allegations and deny any violation of law.

39.     Defendants admit Tom Heinlein is the Acting BLM Utah State Director and his predecessor in office signed the 2025 Sage Grouse Amendment Record of Decision for Utah. The allegations in the second sentence constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent a response is required, Defendants deny the allegations and deny any violation of law.

40.     Defendants admit the allegations in Paragraph 40 that Kristina Kirby, Acting BLM Wyoming State Director signed the 2025 Sage Grouse Amendment Record of Decision for Wyoming and aver that Tanya Thrift is currently the Acting State Director for BLM Wyoming. The allegations in the second sentence constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent a response is required, Defendants deny the allegations and deny any violation of law.

41.     Defendants admit the allegations in the first sentence of Paragraph 41. The allegations in the second sentence constitute Plaintiffs' characterization of this lawsuit to which no response is required; to the extent a response is required, Defendants deny the allegations and deny any violation of law.

42.     Defendants admit the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 constitute Plaintiffs characterization of this lawsuit, to which no response is required.

## LEGAL BACKGROUND

44.     The allegations in Paragraph 44 characterize the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

45.     The allegations in Paragraph 45 characterize FLPMA, 43 U.S.C. § 1701(a)(8), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

46.     The allegations in Paragraph 46 characterize FLPMA, 43 U.S.C. § 1702(l), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

47.     The allegations in Paragraph 47 characterize FLPMA, 43 U.S.C. § 1732(a), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

48.     The allegations in Paragraph 48 characterize FLPMA, 43 U.S.C. § 1702(c), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

49.     The allegations in Paragraph 49 characterize FLPMA, 43 U.S.C. §§ 1702(h), 1702(c), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

50.     The allegations in Paragraph 50 characterize H. R. Rep. No. 94-583, 94th Cong.1st Sess. (Dec. 18, 1975), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent, they are denied.

51.     The allegations in Paragraph 51 characterize FLPMA, 43 U.S.C. § 1732(b), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

52.     The allegations in Paragraph 52 characterize 43 U.S.C. §§ 1712(a), 1732(a), 43 C.F.R. Part 1600, and 43 C.F.R. § 1610.5-3(a), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute or regulations, they are denied.

53.    The allegations in Paragraph 53 characterize FLPMA, 43 U.S.C. § 1712(c), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

54.    The allegations in Paragraph 54 characterize FLPMA, 43 U.S.C. § 1712(c)(9) and 43 C.F.R. 1610.3-2, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute or regulations, they are denied.

55.    The allegations in Paragraph 55 characterize FLPMA, 43 U.S.C. § 1610.3-1(d), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

56.    The allegations in Paragraph 56 characterize FLPMA, 43 U.S.C. § 1712(c)(3), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

57.    The allegations in Paragraph 57 characterize FLPMA, 43 U.S.C. § 1702(a), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

58.    The allegations in Paragraph 58 characterize FLPMA, 43 U.S.C. §§ 1701(11), 1711(a), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

11

59.     The allegations in Paragraph 59 characterize 43 C.F.R. § 1610.7-2(b), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

60.     The allegations in Paragraph 60 characterize 43 C.F.R. §§ 1610.7-2(d)(1), (2), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

61.     The allegations in Paragraph 61 characterize 43 C.F.R. §1610.7-2(d)(1), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

62.     The allegations in Paragraph 62 characterize 43 C.F.R. §1610.7-2(d)(2), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

63.     The allegations in Paragraph 63 characterize 43 C.F.R. § 1610.7-2(g), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

64.     The allegations in Paragraph 64 characterize 43 C.F.R. § 1610.7-2(d)(3), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

65.     The allegations in Paragraph 65 characterize 43 C.F.R. § 1610.7-2(j)(2), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

66.     The allegations in Paragraph 66 characterize 43 C.F.R. § 1610.7-2(j)(1), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

67.     The allegations in Paragraph 67 characterize 43 C.F.R. § 1610.7-2(h), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

68.     The allegations in Paragraph 68 characterize 43 C.F.R. §§ 1610.7-2(j)(3), 1610.7-2(a), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulation, they are denied.

69.     The allegations in Paragraph 69 characterize the BLM Special Statute Species Management Manual, MS 6840, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Manual, they are denied.

70.     The allegations in Paragraph 70 characterize the BLM Special Statute Species Management Manual, MS 6840, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Manual, they are denied.

71.    The allegations in Paragraph 71 characterize the BLM Special Statute Species Management Manual, MS 6840, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Manual, they are denied.

72.    The allegations in Paragraph 72 characterize the 2024 BLM Special Statute Species Management Manual, MS 6840, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Manual, they are denied.

73.    The allegations in Paragraph 73 characterize the 2008 BLM Special Statute Species Management Manual, MS 6840, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Manual, they are denied.

74.    The allegations in Paragraph 74 characterize the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

75.    The allegations in Paragraph 75 characterize NEPA, 42 U.S.C. § 4331(a), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

14

76.   The allegations in Paragraph 76 characterize NEPA, 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

77.   The allegations in Paragraph 77 characterize NEPA and *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the statute and caselaw, they are denied.

78.   The allegations in Paragraph 78 characterize NEPA, 42 U.S.C. § 4332(2)(D)-(E), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

79.   The allegations in Paragraph 79 characterize NEPA, 43 C.F.R. §1601.0-6, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute or regulations, they are denied.

80.   The allegations in Paragraph 80 characterize the Department of the Interior's NEPA Handbook, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Handbook, they are denied.

81.   The allegations in Paragraph 81 characterize the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 704, 706, 706(2)(A), (C), which speaks for

15

itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

82.    The allegations in Paragraph 82 characterize the APA, 5 U.S.C. § 706(2)(D), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

83.    The allegations in Paragraph 83 characterize *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 16 (2020) and *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto, Ins. Co.,* 463 U.S. 29, 43 (1983), which speaks for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with caselaw, they are denied.

84.    The allegations in Paragraph 84 characterize *FCC. V. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with caselaw, they are denied.

## FACTUAL BACKGROUND

85.    Defendants admit the allegations in Paragraph 85.

86.     Defendants admit the allegations in Paragraph 86.

87.    Defendants admit the allegations in Paragraph 87 that Sage-Grouse are an "umbrella species" and that protecting Sage-Grouse habitat may, but not always, benefit other species depending on the habitat preferences of the other

species. The remaining allegations in paragraph 87 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

88.     The allegations in the first sentence of Paragraph 88 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. Defendants admit the allegations in the second sentence of paragraph 88 that Sage-Grouse populations once numbered in the millions in the western United States and Canada and that populations have declined since 1965. Defendants deny the remaining allegations in Paragraph 88.

89.     The allegations in the first and second sentences of Paragraph 89 characterize a 2025 United States Geological Survey (USGS) study that speaks for itself and is the best evidence of its contents.

90.     Defendants admit the allegations in the first sentence of Paragraph 90 that zero males were counted on leks statewide in North Dakota in 2025. Defendants aver that 70 males were counted on leks statewide in South Dakota in 2025. The remaining allegations in paragraph 90 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

91.    Defendants admit the allegations in the first sentence of Paragraph 91 that Sage-Grouse habitat has decreased over time, and a primary cause of population decline is the loss and fragmentation of sagebrush habitats. The allegations in the second sentence of Paragraph 91 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. Defendants admit approximately 145 million acres of Sage-Grouse habitat remain, but the remaining allegations in the third sentence of paragraph 91 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

92.    Defendants admit the allegations in Paragraph 92 that approximately 1.3 million acres per year have transitioned from sagebrush areas to other rangeland areas. The remaining allegations in Paragraph 92 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

93.    Defendants admit the allegations in the first sentence of Paragraph 93 that habitat fragmentation is a cause of Sage-Grouse population decline. Defendants admit the allegations in the second and third sentences of Paragraph 93. The remaining allegations in Paragraph 93 are vague; therefore Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

94.    Defendants admit the allegations in the first sentence of Paragraph 94. The allegations in the second sentence of Paragraph 94 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

95.    Defendants admit the allegations in the first sentence of Paragraph 95 that anthropogenic disturbance may impact Sage-Grouse, however it depends on the type of disturbance and other factors. The remaining allegations in the first sentence of Paragraph 95 and the second and third sentences are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. Defendants deny the allegations in the fourth sentence of Paragraph 95. The remaining allegations in paragraph 95 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

96.    Defendants admit there is research that supports the allegations in the first and third sentences of Paragraph 96. The allegations in the second and fourth sentences of Paragraph 96 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis.

19

97.     The allegations in the first sentence of Paragraph 97 are vague; therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny them on that basis. The allegations in the second sentence of Paragraph 97 characterize unidentified research which speaks for itself and is the best evidence of its contents.

98.     Defendants deny the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 characterize the Notice of 12-Month Finding for the Petitions to List the Greater Sage-Grouse, 70 Fed. Reg. 2244-82 (January 12, 2005), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Notice, they are denied.

100.    The allegations in Paragraph 100 purport to characterize *W. Watersheds Project v. U.S. Fish and Wildlife Serv.*, 535 F.Supp. 2d 1173 (D. Idaho 2007) which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with caselaw, they are denied.

101.    The allegations in Paragraph 101 purport to characterize the 12-Month Findings for Petitions to List the Greater Sage-Grouse As Threatened or Endangered, 75 Fed. Reg. 13, 910 (March 23, 2010) which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Notice, they are denied.

102.   The allegations in Paragraph 102 purport to characterize prior litigation and a settlement, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the litigation or settlement, they are denied.

103.   The allegations in Paragraph 103 purport to characterize the 12-Month Findings for Petitions to List the Greater Sage-Grouse As Threatened or Endangered, 75 Fed. Reg. 13, 910 (March 23, 2010), a settlement, and a 2011 BLM and Forest Service National Sage Grouse Planning Strategy which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with Findings, settlement or Strategy, they are denied.

104.   The allegations in Paragraph 104 purport to characterize a December 2011 National Technical Team report which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Report, they are denied.

105.   The allegations in Paragraph 105 purport to characterize the National Technical Team Report which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Report, they are denied.

106.   The allegations in Paragraph 106 purport to characterize the National Technical Team Report which speaks for itself and is the best evidence of its

contents; to the extent the allegations are inconsistent with this Report, they are denied.

107. The allegations in Paragraph 107 purport to characterize the National Technical Team Report which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Report, they are denied.

108. The allegations in Paragraph 108 purport to characterize unidentified scientific studies which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these studies, they are denied.

109. The allegations in Paragraph 109 purport to characterize the Fish and Wildlife Service 2013 Conservation Objectives Team Report and the contents of the 2015 Sage Grouse Amendments Records of Decision which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with this Report or Records of Decision, they are denied.

110. The allegations in Paragraph 110 purport to characterize the Fish and Wildlife Service 2013 Conservation Objectives Team Report which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Report, they are denied.

111. The allegations in Paragraph 111 purport to characterize the Fish and Wildlife Service 2013 Conservation Objectives Team Report which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Report, they are denied.

112. The allegations in Paragraph 112 purport to characterize the BLM and Forest Service 2015 Records of Decision approving the Greater Sage-Grouse land use plan amendments (2015 Records of Decision), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with this Decision, they are denied.

113. The allegations in Paragraph 113 purport to characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with this Decision, they are denied.

114. The allegations in Paragraph 114 purport to characterize the 2015 Records of Decision, the National Technical Team Report, and the Conservation Objectives Team Report, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with this Decision or Reports they are denied.

a. The allegations in Paragraph 114a purport to characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents.

b. The allegations in Paragraph 114b purport to characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents.

c. The allegations in Paragraph 114c purport to characterize the 2015 Records of Decision, USGS paper, *Conservation Buffer Distance Estimates for Greater Sage-Grouse - A Review* (2014) ("Manier et al. (2014)"), and the National Technical Team Report, which speak for themselves and are the best evidence of their contents.

d. The allegations in Paragraph 114d purport to characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents.

e. The allegations in Paragraph 114e purport to characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents.

f. The allegations in Paragraph 114f purport to characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents.

24

g.  The allegations in Paragraph 114g purport to characterize the 2015 Records of Decision, which speak for themselves and are the best evidence of their contents.

115.   The allegations in Paragraph 115 purport to characterize the Fish and Wildlife Service finding at 80 Fed. Reg. 59,858, 59,887 (Oct. 2, 2015), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Finding, they are denied.

116.   The allegations in Paragraph 116 purport to characterize the Fish and Wildlife Service finding at 80 Fed. Reg. 59,857, 59,858, 59,878, 59,887 (Oct. 2, 2015), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Finding, they are denied.

117.   The allegations in Paragraph 117 purport to characterize the Fish and Wildlife Service finding at 80 Fed. Reg. 59, 881-82, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Finding, they are denied.

118.   The allegations in Paragraph 118 purport to characterize the Fish and Wildlife Service finding at 80 Fed. Reg. 59,876-77, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Finding, they are denied.

119.   The allegations in Paragraph 119 purport to characterize the Fish and Wildlife Service finding at 80 Fed. Reg.  59, 910, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Finding, they are denied.

120.   The allegations in Paragraph 120 purport to characterize the Fish and Wildlife Service finding at 80 Fed. Reg. 59, 880, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Report, they are denied.

121.   The allegations in Paragraph 121 purport to characterize the Fish and Wildlife Service finding at 80 Fed. Reg. 59, 936, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Finding, they are denied.

122.   Defendants admit the allegations in Paragraph 122 that in 2017 the first Trump Administration was in office, but deny the remaining allegations in Paragraph 122.

123.   The allegations in Paragraph 123 purport to characterize an October 2017 Federal Register Notice issued by the BLM (82  Fed. Reg. 47,248 (October 11, 2017) and a decision in *W. Watersheds Project v. Bernhardt*, 519 F. Supp. 3d 763 (D. Idaho 2021), which speak for themselves and are the best evidence of their

contents; to the extent the allegations are inconsistent with this Notice and caselaw, they are denied.

124. The allegations in Paragraph 124 purport to characterize 82 Fed. Reg. 47,248 (Oct. 11, 2017), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Notice, they are denied.

125. The allegations in Paragraph 125 purport to characterize BLM interim guidance and judicial opinions in *Mont. Wildlife Fed'n v. Bernhardt*, No. 18-cv-069-BMM, 2020 WL 2615631 (D. Mont. May 20, 2020), *aff'd sub nom. Mont. Wildlife Fed'n v. Haaland*, 127 F. 4th 1, 22, 25-26, 42-47 (9th Cir. 2025), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with this caselaw, they are denied.

126. The allegations in Paragraph 126 purport to characterize the BLM 2019 Records of Decision issued approving Sage-Grouse lands use plan amendments in California, Colorado, Idaho, Nevada, Oregon, Utah and Wyoming (2019 Records of Decision), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with this Decision, they are denied.

127. The allegations in Paragraph 127 purport to characterize a decision in *W. Watersheds Project v. Schneider*, 417 F. Supp. 3d 1319 (D. Idaho 2019), which

speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with caselaw, they are denied.

128.   The allegations in paragraph 128 purport to characterize a decision in *W. Watersheds Project v. Schneider*, 417 F. Supp. 3d 1319 (D. Idaho 2019), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with caselaw, they are denied.

129.   The allegations in Paragraph 129 purport to characterize the BLM's 2021 Notice of Intent to Amend Land Use Plans Regarding Greater Sage-Grouse Conservation, 86 Fed. Reg. 66,331 (Nov. 22, 2021), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Notice, they are denied.

130.   The allegations in Paragraph 130 purport to characterize the BLM's 2021 Notice of Intent to Amend Land Use Plans Regarding Greater Sage-Grouse Conservation, 86 Fed. Reg. 66,331 (Nov. 22, 2021), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Notice, they are denied.

131.   Defendants admit the allegations in Paragraph 131 that the Center for Biological Diversity, Great Old Broads for Wilderness, Rocky Mountain Wild, Western Watersheds Project and Wildearth Guardians submitted comments during the scoping period. Plaintiffs deny the remaining allegations in Paragraph 131.

28

132. Defendants admit the allegations in Paragraph 132.

133. The allegations in Paragraph 133 characterize 89 Fed. Reg. 18,963 (Mar. 15, 2024), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Notice, they are denied.

134. Defendants admit the allegations in the first sentence of Paragraph 134 that Plaintiffs Great Old Broads for Wilderness, Sierra Club, Western Watersheds Project, and Center for Biological Diversity submitted comments on the Draft Environmental Impact Statement and deny that the other plaintiffs submitted comments. The remaining allegations in Paragraph 134 purport to characterize Plaintiffs' comments on the Draft Environmental Impact Statement, which speak for themselves and are the best evidence of their contents.

135. The allegations in Paragraph 135 purport to characterize unidentified comments, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent, they are denied.

136. The allegations in Paragraph 136 characterize a June 3, 2024 letter, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this letter, they are denied.

137. The allegations in Paragraph 137 characterize a June 3, 2024 letter, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this letter, they are denied.

29

138.    Defendants admit the allegations in Paragraph 138 that on November 15, 2024, the BLM released a Proposed RMP Amendment and Final Environmental Impact Statement for Greater Sage-Grouse and provided a 30-day public protest period and 60-day Governor's consistency review period. The remaining allegations in paragraph 138 characterize the November 2024 Proposed RMP Amendment and Final Environmental Impact Statement, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with these documents, they are denied.

139.    The allegations in Paragraph 139 characterize the November 2024 Proposed RMP Amendment and Final Environmental Impact Statement, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with these documents, they are denied.

140.    Defendants admit the allegations in Paragraph 140 that Plaintiffs Center for Biological Diversity, Sierra Club, Western Watersheds Project and WildEarth Guardians submitted a timely protest of the Proposed RMP Amendment. Defendants deny the remaining allegations in Paragraph 140.

141.    Defendants admit the allegations in Paragraph 141 that on January 10, 2025, BLM's Assistant Director for Resources and Planning issued a Protest Resolution Report. The remaining allegations in Paragraph 141 characterize the Protest Resolution Report, which speaks for itself and is the best evidence of its

contents; to the extent the allegations are inconsistent with this Report, they are denied.

142.   Plaintiffs admit the allegations in Paragraph 142.

143.   Plaintiffs admit the allegations in Paragraph 143.

144.   The allegations in Paragraph 144 purport to characterize a BLM Notice, 90 Fed. Reg. 42,607 (Sept. 3, 2025), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with this Notice, they are denied.

145.   The allegations in the first clause of Paragraph 145 purport to characterize a BLM Notice, 90 Fed. Reg. 42,607 (Sept. 3, 2025), which speaks for itself and is the best evidence of its contents. Defendants admit the allegations that Plaintiffs Center for Biological Diversity, Western Watersheds Project and WildEarth Guardians submitted comments.  Defendants deny the remaining allegations in Paragraph 145.

146.   The allegations in Paragraph 146 purport to characterize Changes to Proposed Resource Management Plan Amendments for Idaho, Montana/Dakotas, Nevada/California, Utah, and Wyoming, issued in September 2025, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with these changes, they are denied.

147.   The allegations in Paragraph 147 purport to characterize Changes to Proposed Resource Management Plan Amendments for Idaho, Montana/Dakotas, Nevada/California, Utah, and Wyoming, issued in September 2025 and the BLM's Records of Decisions issued on December 22, 2025 approving RMP Amendments (2025 Amendment Records of Decision), which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the changes document or decision, they are denied.

148.   Defendants admit the allegations in Paragraph 148.

149.   The allegations in Paragraph 149 constitute plaintiffs' characterization of this lawsuit and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

150.   The allegations in Paragraph 150 characterize the 2025 Amendment Records of Decision, 2019 Amendment Records of Decision, and the 2024 Final Environmental Impact Statement, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with these decision or Final Environmental Impact Statement, they are denied.

   a.   The allegations in Paragraph 150a characterize the 2025 Amendment Records of Decision, which speak for themselves and are the best evidence of their contents.

32

b. The allegations in Paragraph 150b characterize the 2025 Amendment Records of Decision, 2015 Amendment Records of Decision, 43 C.F.R. 2310.1-2 and the Fish and Wildlife Services 2015 Finding, which speak for themselves and are the best evidence of their contents.

c. The allegations in Paragraph 150c characterize the 2025 Amendment Records of Decision and November 2024 Proposed Amendment/ Final Environmental Impact Statement, which speak for themselves and are the best evidence of their contents.

d. The allegations in Paragraph 150d characterize the 2025 Amendment Records of Decision, which speak for themselves and are the best evidence of their contents.

e. The allegations in Paragraph 150e characterize the 2025 Amendment Records of Decision, the Fish and Wildlife Services 2015 Finding, the GRSG National Technical Team Report, and the 2025 One Big Beautiful Bill Act (Pub. L. 119-21), which speak for themselves and are the best evidence of their contents.

f. The allegations in Paragraph 150f characterize the 2025 Amendment Records of Decision, 43 C.F.R. §§ 1610.5-1(b), 1610.2, 6102.5, 6101.5, 6102.51 and the BLM's 2008 Special

33

Status Species Manual, which speak for themselves and are the best evidence of their contents.

g.  The allegations in Paragraph 150g characterize the 2025 Amendment Records of Decision, the Fish and Wildlife Services 2015 Finding, and the GRSG National Technical Team Report, which speak for themselves and are the best evidence of their contents.

h.  The allegations in Paragraph 150h characterize the 2025 Amendment Records of Decision and two studies (Kirol et. al., 2020 and Knick et al., 2013), which speak for themselves and are the best evidence of their contents.

i.  The allegations in Paragraph 150i characterize the 2025 Amendment Records of Decision, which speak for themselves and are the best evidence of their contents.

j.  The allegations in Paragraph 150j characterize the 2025 Amendment Records of Decision and 43 C.F.R. §§ 6103.2, 6102.2(c)(4), which speak for themselves and are the best evidence of their contents.

k.  The allegations in Paragraph 150k characterize the 2025 Amendment Records of Decision, the 2024 Proposed Amendment/

Final Environmental Impact Statement and 43 U.S.C.§ 1712(c)(9), which speak for themselves and are the best evidence of their contents.

**FIRST CLAIM FOR RELIEF**
**Violations of FLPMA, FLPMA Regulations, and the APA**

151.   Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

152.   The allegations in Paragraph 152 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

153.   The allegations in Paragraph 153 characterize FLPMA, 43 U.S.C. § 1732(a), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

154.   The allegations in Paragraph 154 characterize FLPMA, 43 U.S.C. § 1702, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

155.   The allegations in Paragraph 155 characterize FLPMA, 43 U.S.C. § 1702(h), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

156.   The allegations in Paragraph 156 characterize FLPMA, 43 U.S.C. § 1702(c), (l), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

157.   The allegations in Paragraph 157 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

158.   The allegations in Paragraph 158 characterize FLPMA, 43 U.S.C. § 1732(b), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

159.   The allegations in Paragraph 159 characterize 43 C.F.R. § 6101.5(c), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the regulations, they are denied.

160.   The allegations in Paragraph 160 characterize a 2010 Fish and Wildlife Service Finding, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Finding, they are denied.

161.   Defendants deny the allegations in Paragraph 161.

162.   Defendants deny the allegations in Paragraph 162.

163.   Defendants deny the allegations in Paragraph 163.

164.   Defendants deny the allegations in Paragraph 164.

165. Defendants deny the allegations in Paragraph 165.

**SECOND CLAIM FOR RELIEF**
**Violations of the APA**

166. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

167. The allegations in Paragraph 167 characterize the APA, 5 U.S.C. 706(2), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

168. Defendants deny the allegations in Paragraph 168.

169. Defendants deny the allegations in Paragraph 169.

170. Defendants deny the allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171.

172. Defendants deny the allegations in Paragraph 172.

173. Defendants deny the allegations in Paragraph 173.

174. Defendants deny the allegations in Paragraph 174.

175. Defendants deny the allegations in Paragraph 175.

176. Defendants deny the allegations in Paragraph 176.

177. Defendants deny the allegations in Paragraph 177.

178. Defendants deny the allegations in Paragraph 178.

179. Defendants deny the allegations in Paragraph 179.

## THIRD CLAIM FOR RELIEF
### Violations of the APA

180. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

181. The allegations in Paragraph 181 characterize the BLM's Special Status Species policy and FLPMA, which speak for themselves and are the best evidence of their contents; to the extent a response is required, they are denied.

182. The allegations in Paragraph 182 characterize the BLM's Special Status Species Manual, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Manual, they are denied.

183. The allegations in Paragraph 183 characterize the BLM's Special Status Species Manual, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the Manual, they are denied.

184. Defendants deny the allegations in Paragraph 184.

185. Defendants deny the allegations in Paragraph 185.

186. Defendants deny the allegations in Paragraph 186.

## FOURTH CLAIM FOR RELIEF
### Violations of FLPMA and the APA

187. Defendants reassert and incorporate by reference their responses.

188. The allegations in Paragraph 188 characterize *See U.S. Telecom Ass'n v. FCC,* 359 F.3d 554, 556-66 (D.C. Cir. 2004), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with caselaw, they are denied.

189. The allegations in paragraph 189 are characterizations of Plaintiffs' claims to which no response is required.

190. Defendants deny the allegations in Paragraph 190.

191. The allegations in Paragraph 191 characterize the 2025 Records of Decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions, they are denied.

192. The allegations in Paragraph 192 characterize the 2025 Records of Decision, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the decisions, they are denied.

193. Defendants deny the allegations in Paragraph 193

194. Defendants deny the allegations in Paragraph 194

195. Defendants deny the allegations in Paragraph 195.

196. The allegations in Paragraph 196 are characterizations of Plaintiffs' claims to which no response is required.

197. Defendants deny the allegations in Paragraph 197.

## FIFTH CLAIM FOR RELIEF
### Violations of FLPMA, ACEC Regulations and the APA

198.   Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

199.   The allegations in Paragraph 199 characterize FLPMA and BLM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute or regulation, they are denied.

200.   The allegations in Paragraph 200 characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS, they are denied.

201.   The allegations in Paragraph 201 characterize the FEIS, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the FEIS, they are denied.

202.   The allegations in Paragraph 202 characterize the 2025 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the 2025 Plans, they are denied.

203.   Defendants deny the allegations in Paragraph 203.

204.   Defendants deny the allegations in Paragraph 204.

205.   Defendants deny the allegations in Paragraph 205.

## SIXTH CLAIM FOR RELIEF
### Violations of FLPMA, APA, and BLM Planning Regulations

206. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

207. The allegations in Paragraph 207 characterize FLPMA, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

208. The allegations in Paragraph 208 characterize BLM regulations, 43 C.F.R. §§ 1610.3-2, 1610.3-1(d)(1), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulations, they are denied.

209. The allegations in Paragraph 209 characterize BLM regulations, 43 C.F.R. §§ 1610.3-1(a)(5), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the regulations, they are denied.

210. The allegations in Paragraph 210 are characterizations of the 2015 Plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the Plans, they are denied..

211. The allegations in Paragraph 211 characterize the referenced plans, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the referenced plans, they are denied.

41

212. Defendants deny the allegations in Paragraph 212.

213. Defendants deny the allegations in Paragraph 213.

214. Defendants deny the allegations in Paragraph 214.

215. Defendants deny the allegations in Paragraph 215.

216. Defendants deny the allegations in Paragraph 216.

217. Defendants deny the allegations in Paragraph 217.

218. Defendants deny the allegations in Paragraph 218.

219. Defendants deny the allegations in Paragraph 219.

220. Defendants deny the allegations in Paragraph 220.

## SEVENTH CLAIM FOR RELIEF
### Violations of BLM Planning Regulations

221. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

222. The allegations in Paragraph 222 characterize BLM's land use regulations, which speak for themselves and are the best evidence of their contents; to the extent the allegations are inconsistent with the regulations, they are denied.

223. Defendants deny the allegations in Paragraph 223.

224. Defendants deny the allegations in Paragraph 224.

## EIGHTH CLAIM FOR RELIEF
### Violations of NEPA and APA

225.   Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

226.   The allegations in Paragraph 226 characterize NEPA, 42 U.S.C. §§ 4332(2)(C), 4332(2)(D)–(E), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the statute, they are denied.

227.   Defendants deny the allegations in Paragraph 227(a-n).

228.   Defendants deny the allegations in Paragraph 228.

The allegations in Plaintiffs' prayer for relief require no response; to the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The court lacks jurisdiction over Plaintiffs' claims.

2. Plaintiffs have failed to state a claim for which relief can be granted.

3. Venue is improper as to some of Plaintiffs' claims.

43

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 8th day of May 2026.

MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Luther L. Hajek*
LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., North Terrace, Suite 600
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on May 8, 2026.

/s/ *Luther L. Hajek*
LUTHER L. HAJEK
*Counsel for Federal Defendants*