IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA WILDLIFE FEDERATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLAS BURGUM, et al.,<br><br>Defendants,<br><br>and<br><br>STATE OF WYOMING,<br><br>Defendant-Intervenor. | Case No. 4:26-cv-00133-BMM |

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br>,<br><br>Plaintiffs,<br><br>v.<br><br>JERRY DAVIS, et al.,<br><br>Defendants,<br><br>and<br><br>STATE OF WYOMING, et al.,<br><br>Defendant-Intervenors. | Case No. 4:26-cv-00021-BMM |

**JOINT CASE MANAGEMENT SCHEDULE**

Plaintiffs in *Montana Wildlife Federation et al. v. Burgum*, No. 4:26-cv-133 (D. Mont.) (collectively, *Federation* Plaintiffs), Plaintiffs in *Center for Biological Diversity et al. v. Germann*, No. 4:26-cv-21 (D. Mont.) (collectively, *Center* Plaintiffs), Federal Defendants Douglas Burgum, Secretary of the Interior, *et al.*, and Intervenor-Defendants State of Wyoming, State of Utah, and State of Idaho respectfully submit this Joint Proposed Case Management Schedule.

**1. Coordination between Related Cases:** The *Center* and *Federation* cases both challenge the Bureau of Land Management's 2025 Sage-Grouse Plan Amendments and involve common legal issues, facts, and parties. Accordingly, to

promote judicial economy, the parties propose that the cases be consolidated and concurrent with this proposed schedule have filed a motion requesting consolidation. The *Federation* and *Center* Plaintiffs will also continue to coordinate their efforts in both cases as appropriate in the interests of judicial efficiency.

**2. Nature of the Cases:** The parties agree that these cases involve judicial review of agency action under the Administrative Procedure Act (APA). 5 U.S.C. §§ 701–06. Therefore, these cases are exempt under Fed. R. Civ. P. 26(a)(1)(B)(i) and Local Civil Rule 16.2(a) from the requirements for initial disclosures, a discovery plan, expert disclosures, or trial. The parties anticipate that these matters will be resolved by cross-motions for summary judgment rather than trial. Because the summary judgment briefing will be based on the agency's administrative record, the parties agree that statements of undisputed facts and responses under Local Civil Rule 56.1 are not required.

**3. Administrative Record and Record Challenges:**

**August 26, 2026:** Federal Defendants filed the administrative record for the 2025 Sage-grouse Resource Management Plan Amendments and served copies of the administrative record on the parties. The parties agree that the record shall be filed and served on each party by Federal Defendants in a digital format, be text-searchable where practicable, and include a hyperlinked index.

**September 23, 2026:** The *Federation* and *Center* Plaintiffs and Intervenors have notified Federal Defendants in writing of their objections to the administrative record. The parties shall confer and attempt to resolve such disputes out of Court and prior to filing any motions to complete the administrative record.

**October 23, 2026:** The parties shall file any motions to complete the administrative record. Any such motions shall be briefed in accordance with the timeframes and word limits allowed in the Local Rules unless otherwise ordered by the Court. If any such administrative record motions are filed, the parties will meet and confer about whether the summary judgment briefing schedule should be adjusted pending the resolution of such motions, and advise the Court of any requested modifications to that schedule.

**4. Summary Judgment Briefing Schedule:**

**November 13, 2026:** The *Federation* and *Center* Plaintiffs shall each file their summary judgment motions on all of their respective claims, not to exceed 12,000 words each. As appropriate, the *Federation* and *Center* Plaintiffs will endeavor to incorporate by reference portions of the other Plaintiffs' brief to avoid repeating facts or arguments.

**February 3, 2027:** Federal Defendants shall file a single combined response to Plaintiffs' motions for summary judgment and cross-motion for summary judgment on all claims in both cases, not to exceed 24,000 words.

**February 17, 2027**: Intervenor State of Wyoming shall file a single combined response to Plaintiffs' motions for summary judgment and cross-motion for summary judgment on all claims in both cases, not to exceed 13,000 words. Intervenors State of Idaho and State of Utah shall each file a combined response to the *Center* Plaintiffs' summary judgment motion and cross-motion for summary judgment on all claims in the *Center* case, of no more than 6,500 words. Consistent with the scope of their intervention, the States of Idaho and Utah shall be limited to addressing issues and arguments raised in the *Center* case and shall address issues and arguments raised in the *Federation* case only to the extent they directly affect the 2025 Sage-Grouse Plan Amendments in Idaho and Utah.

**March 24, 2027:** The *Federation* and *Center* Plaintiffs each shall file a combined summary judgment reply and response to the cross-motions for summary judgment on all claims, of no more than 12,000 words each.

**April 21, 2027:** Federal Defendants shall file a single reply in support of their cross-motions for summary judgment in both cases, of no more than 14,000 words.

**April 28, 2027:** Intervenor State of Wyoming shall file a single combined reply in support of its cross-motions for summary judgment in both cases, of no more than 6,000 words. Intervenors State of Idaho and State of Utah each shall file

a reply in support of their respective cross motions for summary judgment, of no more than 3,250 words each.

**5. Amended or Supplemental Pleadings Schedule:**

Any amended pleadings shall be filed no later than **October 16, 2026.**

Any motions to supplement Plaintiffs' Complaints to challenge lease sales or other decisions implementing the 2025 Plan Amendments shall be filed no later than **April 15, 2027**.

The Federal Defendants and Intervenors reserve their right to oppose any motions to amend or supplement the Complaints. The parties' positions regarding this issue are summarized below.

**Plaintiffs' Position**

It is Plaintiffs' understanding that, notwithstanding these legal challenges, Federal Defendants intend to implement the 2025 Sage-grouse Resource Management Plan Amendments in Montana and Wyoming oil and gas lease sales covering substantial amounts of sage-grouse habitat as soon as late 2026 and early 2027. Plaintiffs would prefer to resolve the legality of the 2025 Plan Amendments before they are implemented, and have requested that Federal Defendants defer application of those amendments in oil and gas lease sales pending a decision from this Court. However, if Federal Defendants apply the Amendments to lease sales or similar decisions prior to a ruling from this Court, the *Federation* and *Center*

Plaintiffs anticipate supplementing their Complaints to add claims challenging those implementing decisions.

In the interest of promptly resolving their challenges to the 2025 Sage-grouse Resource Management Plan Amendments, Plaintiffs do not request that summary judgment briefing on their challenge to those Amendments—or a ruling on summary judgment—be delayed pending any decisions by Federal Defendants on whether and how to apply the Amendments. Rather, Plaintiffs anticipate that this Court's summary judgment ruling on their challenge to the Amendments would likely provide significant direction for adjudication of any additional challenges that Plaintiffs may be required to bring to Federal Defendants' forthcoming implementing decisions. Accordingly, Plaintiffs anticipate that as part of filing a supplemental complaint(s), they would request that supplemental summary judgment briefing be permitted as to their challenges to the implementation decisions after this Court issues its summary judgment ruling on Plaintiffs' challenge to the 2025 Plan Amendments.

Plaintiffs do not object to an October 16, 2026 deadline for amending their Complaints. However, the anticipated implementation decisions (in late 2026 and early 2027) are not expected to be finalized until after October 16. Plaintiffs therefore propose that the Court set a deadline of **April 15, 2027** for Plaintiffs to move for leave to file any supplemental complaint relating to BLM decisions

implementing the 2025 Plan Amendments, such as to oil and gas lease sales in Montana and Wyoming.

**Defendants' and State of Wyoming's Position**

The Court may set a reasonable deadline for Plaintiffs to file motions for leave to amend their complaints under Rule 15(a) before summary judgment briefing commences. Defendants request that the deadline for amended pleadings be set for **October 16, 2026**. Defendants reserve the right to oppose any motions for leave to amend the complaints.

Defendants would oppose any motion to supplement the complaints under Rule 15(d) to add claims challenging individual leasing decisions or other actions implementing the 2025 Sage Grouse RMPAs that either have already occurred or may occur over the next several months. Allowing Plaintiffs to supplement the complaints in this manner would greatly expand the scope of the litigation and potentially involve additional parties. Defendants reserve the right to raise any and all defenses to such motions.

**6. No Waiver:** In proposing this scheduling order solely to facilitate orderly resolution of this litigation and avoid unnecessary judicial proceedings, the parties have agreed that no party waives any claim, defense, or argument, other than as expressly provided in this order.

**IT IS SO ORDERED.**

DATED this 7th day of October 2026.

Brian Morris, Chief District Judge
United States District Courts